UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

DAVINA FRENCH,

    Plaintiff,

v.

                                Case No.:

LIFE INSURANCE COMPANY OF
NORTH AMERICA,

    Defendant.
_____/

## COMPLAINT FOR DISABILITY BENEFITS

Plaintiff, Davina French, by and through undersigned counsel hereby files her Complaint against Defendant, Life Insurance Company of North America, and says:

### I. JURISDICTION AND VENUE

1. Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

### II. PARTIES

2. Plaintiff, Davina French ("Ms. French"), is a citizen of the United States of America and was at all times relevant a participant of the long-term disability insurance policy at issue (the "long-term disability policy"). Defendant, Life Insurance Company of North America (hereinafter "LINA" or "Defendant"), is the insurer and claims administrator of the long-term disability policy, is a foreign corporation authorized to do business in Florida, and can be found in the Southern District of Florida.

### III.  FACTS

3. At all times material to this action there was in full force and effect a group long-term disability policy that was underwritten and administered by Defendant.

4. At all times material, LINA operated under an inherent structural conflict of interest because of LINA's dual role as administrator of claims all while serving as the insurance company paying benefits out of its own assets.

5. Ms. French was employed with Geico Corporation as a Senior Payment Recovery Examiner. By virtue of her employment at Geico, Ms. French was an eligible participant of the long-term policy at all times material to this action.

6. The purpose of the long-term disability policy was to provide Ms. French a monthly benefit in the event that she became disabled.

7. The long-term disability policy defined Disability, in pertinent part, as follows:

*The employee is considered Disabled if, solely because of Injury or Sickness, he or she is:*

- *Unable to perform the material duties of his or her Regular Occupation; and*

- *Unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.*

*After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:*

- *Unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and*

- *Unable to earn 80% or more of his or her Indexed Earnings.*

8. Ms. French suffers from multiple medical conditions and symptoms, including, but not limited to: cervical disc herniation and cervical radiculopathy, which produce severe neck pain and upper extremity numbness among other symptoms.

9. Ms. French has been unable to complete the material duties of her Regular Occupation and earn more than 80% of her Predisability Earnings, and unable to earn 80% of her Predisability earnings in any other occupation at all times material to this claim. She is disabled under the terms of the long-term disability policy.

10. Ms. French was forced to discontinue working in July of 2015 due to her disabling conditions.

11. In accordance with the procedures set forth by the long-term disability policy, Ms. French notified Defendant that she was disabled.

12. Defendant denied Ms. French's long-term disability claim in a letter dated April 19, 2016.

13. Ms. French timely appealed Defendant's decision to deny her long-term disability claim.

14. Defendant denied Ms. French's appeal for long-term disability benefits by letter dated August 1, 2016.

15. Ms. French exhausted her appeals under ERISA.

16. In denying Ms. French's long-term disability benefits, Defendant deemphasized medical evidence favoring disability and instead relied on the views of its own medical consultants.

17. The denial of Ms. French's long-term disability benefits was a breach of the terms of the long-term disability policy, and the decision was wrong and arbitrary and capricious.

18. The denial of Ms. French's disability benefits breached the fiduciary duties owed to Ms. French under ERISA. Defendant further failed to discharge its duties in respect to discretionary claims processing solely in the interests of Ms. French as a participant of long-term disability policy.

### IV. COUNT I: LONG-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 18 as if fully stated herein and says further that:

19. Plaintiff is entitled to certain benefits of the policy consisting of past long-term disability benefits including prejudgment interest, retroactive to the day benefits were denied pursuant to 29 U.S.C. §1132(a)(1)(B).

20. Plaintiff is entitled to the benefits identified herein because:
    a. the benefits are permitted benefits under the policy;
    b. Plaintiff has satisfied all conditions to be eligible to receive the benefits;
    c. Plaintiff has not waived or otherwise relinquished her entitlements to the benefits.

21. Defendant has refused to pay the benefits sought by Ms. French, ignoring the medical records and clear opinions of her physicians.

### V. COUNT II: ATTORNEY'S FEES

Plaintiff incorporates the allegations contained in Paragraphs 1 through 21 as if fully stated herein and says further that:

22. To the extent that Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, Plaintiff is entitled to reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. §1132(g)(1).

## VI. RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 22 as if fully stated herein and says further that:

23. As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Plaintiff unpaid long-term disability benefits, plus interest.

24. Defendant is also liable for Plaintiff's attorney's fees and the costs of litigation in an amount to be proven at trial.

25. Defendant is also liable to place Plaintiff in the position she would have enjoyed under the policy had she not been wrongfully denied benefits by Defendant.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Davina French, prays for a judgment against Defendant for the relief as plead herein and for such other relief as this Honorable Court deems just and proper.

*Respectfully submitted this  20th  day of January 2016.*

    */s/ Edward P. Dabdoub*
Edward Philip Dabdoub (FBN. 45685)
eddie@longtermdisability.net
Carter Meader (FBN. 116907)
carter@longtermdisability.net
WAGAR DABDOUB, P.A.
1600 Ponce de Leon Blvd., Suite 1205
Coral Gables, Florida 33134
Tel: (305) 754-2000
Fax: (305) 754-2007
*Counsels for Plaintiff, Davina French*